**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No: 05-80710

STUART W. BILYEU

    Defendant.
_____/

**ORDER DENYING WITHOUT PREJUDICE:
MOTION TO DISMISS; MOTION TO STRIKE; MOTION FOR DISCOVERY; AND
MOTION FOR ORDER FOR RETURN OF PATIENT CHARTS**

On December 14, 2005, Defendant Stuart W. Bilyeu, through counsel, filed four motions without indicating whether or not the contemplated relief had been sought from the government. Those motions are: a motion to dismiss the indictment (Dkt. # 17); a motion to strike surplusage (Dkt. # 18); a motion for discovery and disclosure of exculpatory evidence (Dkt. # 19); and a motion for order for return of patient charts (Dkt. # 20). All four of these motions are not in compliance with the local rules, and will therefore be denied without prejudice.

Eastern District Local Rule 7.1(a) states, in part, as follows:

(1) The movant must ascertain whether the contemplated motion will be opposed. If the movant obtains concurrence, the parties may make the subject matter of the contemplated motion a matter of record by stipulated order.

(2) If concurrence is not obtained, the motion must state:

    (A) there was a conference between the attorneys or unrepresented parties in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought; or

    (B) despite reasonable efforts specified in the motion, the movant was unable to conduct a conference.

The rule plainly requires that the movant make clear that it has conducted the required pre-filing conference in which the nature of the contemplated motion was explained, or in the alternative what efforts were made, without success, to engage in such a conference.

No exception is made for criminal cases.  If the government were to agree, in whole or in part, the motion would be to that extent mooted.[1] The court discourages motion practice, such as that before the court here,  that is unnecessary and wasteful of court and attorney time.

IT IS ORDERED that the Defendant's motion to dismiss the indictment [Dkt. # 17], motion to strike surplusage [Dkt. # 18], motion for discovery and disclosure of exculpatory evidence [Dkt. # 19] and motion for order for return of patient charts [Dkt. # 20] are each DENIED WITHOUT PREJUDICE.[2]

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 27, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 27, 2005, by electronic and/or ordinary mail.

  S/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522

---

[1] The court understands that the government would not concur in Defendant's motion to outright dismiss the indictment. But there exist methods, such as a bill of particulars, that are in theory able cure the deficit Defendant complains of in his motion.

[2] In the same group of motions, Defendant filed what appears to be a standard-issue, boilerplate "notice" [Dkt. # 16] purporting to be "in compliance with the Standing Order for Discovery and Inspection entered in this case." In the notice, among other things, Defendant states that the "foundation for any and all exhibits will be contested." Defendant's counsel might do well by reading *this* court's order [Dkt. #11] covering such matters, in which the court states that such a notice "shall provide a brief exhibit-by-exhibit or item-by-item description of the good faith basis for any such objection" and that "a statement which says nothing more than "defendant contests the foundation'" is insufficient.